THE NEW YORK CENTRAL RAILROAD COMPANY, Plaintiff, *v.* THE PEOPLE OF THE STATE OF NEW YORK, THE CITY OF LITTLE FALLS, N. Y., et al., Defendants.

(Supreme Court, Herkimer Special Term, March, 1920.)

*Barge Canal Act — Laws of 1903, chap. 147 — right of people in Erie canal lands abandoned on completion of Barge canal, protected by Laws of 1916, chap. 299, amending the Public Lands Law of 1894 — such lands, if within the corporate limits of a city, may not be taken by a railroad company in condemnation proceedings, but municipality may obtain them by purchase.*

MOTION to dismiss condemnation proceedings.

Visscher, Whalen, Loucks & Murphy, for plaintiff.

Charles D. Newton, Attorney-General, and Edward G. Griffin, Deputy Attorney-General, for people.

William S. Rhodes, for City of Little Falls.

DEVENDORF, J. The plaintiff has brought this proceeding to condemn, and thereby obtain title to the land described in the petition. The defendants move to dismiss, and for judgment, on the petition and facts stipulated. The said land is located within the corporate limits of the city of Little Falls, a municipality of the state, and was formerly used as a part of the Erie canal system but ceased to be occupied as such upon completion of the Barge canal. The fee title thereof is owned by the state and from the time of its acquirement, prior to 1860, to August 6, 1919, continuously constituted an essential portion of said canal. On said August sixth the canal board, acting under and pursuant to the provisions of chapter 299 of the Laws of 1916, declared the same abandoned for canal purposes. Thereafter the commissioners of the land office duly appraised such lands described in the petition, and all the canal lands so abandoned within the city of Little Falls, at $39,658.86.

Within four months after such abandonment the said city filed with the commissioners of the land office a written notice of its intention to purchase such canal lands so abandoned within the limits of said city for the amount of such appraised value. Thereupon the commissioners of the land office, acting under claim of authority pursuant to the provisions of said chapter 299 of the Laws of 1916, adopted a resolution directing the secretary of state to execute and deliver to said city a deed of the right and title of the state in and to said lands on the payment of the said amount.

Therefore, the plaintiff and the defendant city claim the right to obtain this property, the former by condemnation, the latter by purchase. These rival claims lead to this controversy. The facts, so far as this motion is concerned, are not in dispute and the only question to be considered here is whether the plaintiff had the preferential right as a matter of law to maintain this proceeding and take the land to the exclusion of the city's right to purchase. That a railroad company ordinarily has the right to condemn property for its use must be conceded and this proceeding sustained, unless the municipality has a prior right to purchase, or a sale is the only method provided to dispose of the abandoned canal lands.

In 1903 the Barge Canal Act (Laws of 1903, chap. 147) became a law. It provided for the improvement of the Erie, Champlain and Oswego canals and a bond issue to defray the expenses thereof. It also in much detail outlined the plan for route, construction, taxes, sinking fund, appropriation of lands, payment, etc. By section 5 thereof the matter of abandoned canal lands was disposed of as follows: " Whenever any lands now used for canal purposes shall be rendered no longer necessary or useful for such purposes by reason of the improvement hereby directed, the same shall be sold in the manner provided by law for the

sale of abandoned canal lands and the net proceeds thereof paid into the state treasury, and so much thereof as shall be necessary shall be applied to the cost of the work hereby directed.''

This was supplemented by the provision contained in section 15 thereof, as follows: '' This law shall not take effect until it shall at a general election have been submitted to the people, and have received a majority of all the votes cast for and against it at such election; and the same shall be submitted to the people of this state at the general election to be held in November, nineteen hundred and three.'' The question submitted to the people was, '' shall this act be approved? ''

The vote cast at such general election approved of the act, which carried in its language a provision for the sale of abandoned canal lands and further decreed that any surplus arising from the sale of bonds or such lands, over and above cost of work, must be applied to the sinking fund for the payment of the bonds. § 14. That is, by the mandate of their vote the people decided to raise the money, directed how it should be paid out, how the debt should be secured and redeemed, and what should be done with the abandoned lands. They provided in positive language for the sale of the land, and the manner thereof, and disposed of the funds received therefor. There is an evident expression of power and a will in the act, both to sell the abandoned lands at an appraised value by an appraising body and apply the money, above the cost of the work, to the sinking fund for the payment of the bonds.

Therefore, if these canal lands can be taken by condemnation, they are disposed of otherwise than as the statute, which created the improvement, raised the money and rendered the lands salable, directed. This should not be permitted as they should remain within

the control of that law and the statutes pertaining to the canal and lands appurtenant thereto.

There are other and possibly better reasons why condemnation as to these lands is not permissible. The Public Lands Law (Laws of 1894, chap. 317), at the time of the enactment and approval of the Barge Canal Act fixed the method of the sale of the lands of the canal then and thereafter abandoned. The canal board by resolution determine what lands are abandoned and the commissioners of the land office authorize the sale and conveyance of the right, title and interest of the state therein. This made effectual an evident intention to forever dispose of the state's abandoned canal property in the municipalities.

As stated, the Railroad Law gives plaintiff a right to acquire property for its use by condemnation but this does not mean without limit or restriction.

The Erie canal did much toward the upbuilding of the state in its earlier days. Many municipalities grew and developed along its banks. It passed through their business centers and was a public utility of vast importance, and when such lands were abandoned the ownership and right to occupy them by such villages and cities became extremely important and very valuable to the people of such communities.

I think chapter 299, Laws of 1916, amending the Public Lands Act, was enacted and particularly framed to protect the rights of the people in the Erie canal lands abandoned when the great public improvement of the canal should be completed. Section 53 of that amending act provides how such lands shall be declared abandoned and their value fixed for the purpose of permitting a sale thereof. Section 54 provides for the sale and conveyance of such title of the state and, further, if any such lands are situated within the limits of a city or incorporated village, and their use in whole or in part is desired by the city or

incorporated village wherein they are situated, the commissioners of the land office may sell such land, in whole or in part, to such city or incorporated village at the appraised value thereof on such terms as may be advantageous to the state, provided such city or village files with the commissioners of the land office, within four months after the adoption of the resolution of abandonment, a written notice of its intention to purchase, and any city or incorporated village so filing such notice shall be first entitled to purchase such lands as may be indicated by such notice, provided such purchase is made within the time and upon the terms as to payment of the purchase price fixed by the commissioners of the land office. Any such city or incorporated village is authorized to acquire such lands and to provide means for payment therefor.

The canal board having exercised its power and declared certain canal lands abandoned, the statute in that case functions and requires a hearing for interested parties and, if a preference is asserted by a municipality wherein the lands are located, the commissioners of the land office may sell such lands to such city at the appraised value thereof, provided it files with them the said notice of intention to purchase, and provides the means of payment therefor.

The city and the state, by their legal representatives provided for under the statute, have taken the necessary steps and complied with the legal requirements, whereby at the time of the commencement of this proceeding the state was to convey and the city purchase and pay for the said lands. No legal reason appears why that important act, especially to the city, should now fail of consummation.

Section 140 of the Public Lands Law does not create a right of condemnation on the part of the railroad company but still leaves it limited to the provisions of the Railroad Law. The claim of the state and city,

therefore, of their respective right to sell and purchase is well sustained by the provisions of the Barge Canal Act, having the approval in all its parts of the people of the state at a general election.. Also by the Public Lands Act as amended, whereby the preference of purchase is in positive language given to the municipality, vesting power in the land board to sell or dispose of the abandoned canal lands, subject, of course, to the resolution of abandonment and the appraised value.

The amendment to the Land Act of 1916 is later than the Railroad Law and its re-enactment of 1910, and more recent even than the renumbered section 140 of the Land Law, and, so far as the question presented here is concerned, has precedence and force. A construction and efficiency should be given to the Barge Canal Act and the amended Land Law as will avoid loss and injustice to the people of the municipality. Those acts are complete in themselves and, in my opinion, carry full power to permit the city to obtain by purchase these lands.

The defendant's motion to dismiss is granted, with costs.

Motion granted, with costs.